Opinion filed December 15, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00348-CR

_____

## STANLEY LEE WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 106th District Court

Dawson County, Texas

Trial Court Cause No. 13-7337

## M E M O R A N D U M   O P I N I O N

A grand jury indicted Stanley Lee Williams of possession of methamphetamine in an amount of less than one gram in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010), § 481.134(d) (West Supp. 2016). After the trial court denied his motion to suppress, Appellant pleaded guilty to the charge. Pursuant to a plea agreement, the trial court convicted Appellant, assessed Appellant's punishment at confinement for a term of seven years,

suspended Appellant's sentence, and placed Appellant on community supervision for a term of seven years. The trial court also assessed a fine in the amount of $1,500 and restitution in the amount of $140. The trial court ordered that Appellant and Nathan Landin Gonzalez[1] were jointly and severally liable for the amount of restitution. In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it denied his motion to suppress. We affirm.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). When the trial court does not make explicit findings of historical facts, we review the evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Id.* We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

At the suppression hearing, Sergeant Mark L. Sanchez of the Lamesa Police Department testified that he received a call from dispatch around 11:20 p.m. regarding a "loud-music complaint" near the area that he was patrolling. Dispatch did not provide any details regarding the complaint, such as whether the noise was coming from a residence or a vehicle or who made the complaint. Initially, Sergeant Sanchez did not hear any loud music around him; he was in a marked patrol vehicle

---

[1]Gonzalez was the passenger in Appellant's vehicle at the time of the traffic stop at issue in this case. Both Appellant and Gonzalez were arrested for possession of drug paraphernalia and possession of a controlled substance found as a result of the stop, and both filed motions to suppress any evidence discovered during the stop. The trial court heard and denied both Appellant's motion to suppress and Gonzalez's motion to suppress in the same hearing. Gonzalez has also filed an appeal in this court in which he challenges the trial court's denial of his motion to suppress for the same reasons addressed in this opinion. We have on this day issued a separate opinion in Cause No. 11-14-00349-CR in which we have affirmed the trial court's order of deferred adjudication for Gonzalez's charge of possession of methamphetamine arising out of the same incident at issue in this appeal.

and was parked with his lights off. He heard loud music, the source of which appeared to be approaching his location. Shortly thereafter, he saw a vehicle that was being driven past him that had loud music coming from it. Sergeant Sanchez did not see Appellant commit any other violations. He initiated a traffic stop based on the noise; he believed that Appellant was in violation of a city ordinance. Specifically, he believed that the loud music coming from Appellant's vehicle "disturb[ed] the peace at that hour of the night." The traffic stop led to the discovery of a Ziploc baggie that contained methamphetamine. The methamphetamine was found during a search of the vehicle after Sergeant Sanchez saw a pipe, "commonly used to smoke mari[h]uana," in plain view in the center cup holder. Both Appellant and his passenger, Gonzalez, were arrested for possession of drug paraphernalia and for possession of a controlled substance.

Appellant testified that he was playing music in his vehicle but that he did not believe that it was loud or that he was disturbing the peace. On cross-examination, he explained that he had an Alpine stereo with custom speakers and a subwoofer. He conceded that the music could be heard from outside the car even when the windows were "rolled up."

Appellant argues that Sergeant Sanchez did not have reasonable suspicion to stop him and Gonzalez because Sergeant Sanchez could not have reasonably concluded that they were violating the city noise ordinance. Appellant contends that there was no nexus between the call from dispatch and his vehicle. The State argues that, regardless of whether Appellant was actually in violation of the noise ordinance, Sergeant Sanchez was in possession of specific articulable facts that supported a reasonable suspicion that a violation was in progress or had been committed.

A temporary detention is lawful when it is supported by reasonable suspicion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Reasonable

3

suspicion exists "when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity." *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *see also Terry v. Ohio*, 392 U.S. 1, 21 (1968) ("[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."). In determining whether reasonable suspicion exists, we consider the totality of the circumstances under an objective standard. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The subjective intentions or motives of the officer are irrelevant to the determination. *Id.* Thus, we look to see whether the facts available to the officer at the moment of the detention would warrant a reasonably prudent officer to believe that the detention was appropriate. *Terry*, 392 U.S. at 22.

Section 8.02.001 of the Code of Ordinances for the City of Lamesa provides the following:

> It shall be unlawful for any person to knowingly or wantonly use or operate or cause to be used or operated any mechanical or electrical device, machine, apparatus, or instrument which causes or produces any sound or noise which is reasonably calculated to disturb the peace and good order of the neighborhood or the persons owning, using or occupying property within the city.[2]

Sergeant Sanchez testified that he believed that the music was loud and that it was disturbing the peace. He believed that Appellant was in violation of the city noise ordinance and, therefore, initiated a traffic stop. During the suppression hearing, defense counsel argued that the call from dispatch was unreliable because it did not contain specific information to link the complaint to Appellant and because

---

[2]LAMESA, TEX., CODE OF ORDINANCES ch. 8, art. 8.02, § 8.02.001 (1998), http://z2codes.franklinlegal.net/franklin/Z2Browser2.html?showset=lamesaset.

Sergeant Sanchez did not hear the music from Appellant's vehicle until approximately five minutes after the call.  However, Sergeant Sanchez did not detain Appellant based solely on the call from dispatch.  He was in the area because of the call from dispatch, but he detained Appellant because he believed, based on personal knowledge, that Appellant was disturbing the peace by playing loud music at night.

The facts available to Sergeant Sanchez at the moment of the detention would warrant a reasonably prudent officer to believe that Appellant was knowingly operating his stereo to produce a "sound or noise which [wa]s reasonably calculated to disturb the peace."  Sergeant Sanchez testified to specific articulable facts that supported a belief that Appellant was in violation of the city ordinance; therefore, he had reasonable suspicion to detain Appellant.  Therefore, we hold that the trial court did not err when it denied Appellant's motion to suppress.  We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


December 15, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5